**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| FRANCISCO J. RAMIREZ, | ) | No. CV 07-2226-DDP(CW) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | |
| v. | ) | |
| | ) | |
| BEN CURRY (Warden), | ) | |
| | ) | |
| Respondent. | ) | |

The pro se petitioner challenges only a parole denial. The petition is dismissed with prejudice as discussed below.

## I.  BACKGROUND AND PROCEEDINGS

In 1987 Petitioner was convicted of second-degree murder with use of a firearm and sentenced to seventeen years to life imprisonment. [Lodgment 1.] On April 7, 2005, Petitioner appeared, with counsel, at a subsequent parole consideration hearing before the Board of Prison Terms ("the Board").[1] [Lodgment 10.] The Board found petitioner not suitable for parole. [Id.]

---

[1] The Board of Prison Terms has since been replaced by the Board of Parole Hearings. Cal. Penal Code § 5075(a).

1

1   Petitioner challenged this decision in two habeas petitions in
2 the superior court [Lodgments 2, 4], which were denied in reasoned
3 decisions on June 25, 2005, and March 3, 2006. [Lodgments 3, 5.] He
4 next filed a habeas petition which the court of appeal denied on May
5 2, 2006, with citations to In re Dannenberg (2005) 34 Cal. 4th 1061,
6 1080; In re Rosenkrantz (2002) 29 Cal. 4th 616, 658; and In re Swain
7 (1949) 34 Cal. 2d 300, 303-304. [Lodgments 6, 7.] He then filed a
8 habeas petition with the California Supreme Court summarily denied on
9 January 17, 2007. [Lodgments 8, 9.]
10   The present Petition for Writ of Habeas Corpus by a Person in
11 State Custody (28 U.S.C. § 2254)("Pet.") was filed on April 4, 2007.
12 [Docket no. 1.] On June 25, 2007, Respondent filed an answer and
13 supporting memorandum and lodged state court documents. [Docket nos.
14 7, 9, 11.] On July 19, 2007, Petitioner filed a reply and a
15 supporting memorandum. [Docket nos. 12, 13.]
16   On March 4, 2011, the court learned, from the inmate locator
17 service of the California Department of Corrections and
18 Rehabilitations that Petitioner was discharged from state prison on
19 October 10, 2010, and released to "another jurisdiction, probably
20 federal."[2]

21                    **II.  PETITIONER'S CLAIMS**

22   The present petition asserts two grounds for federal habeas
23 corpus relief:

---

[2] There is nothing in the record to indicate that Petitioner was released to parole custody. The record does indicate that an immigration hold had been lodged against Petitioner. [Lodgment 10, p.22.] The record suggests that Petitioner was released to immigration custody for removal to Mexico. [Lodgment 10, pp. 23-24, 55.] In any event, the court does not have a current address for Petitioner. Accordingly, issuing a Report and Recommendation and waiting for Petitioner to file objections would be futile.

1. The Board illegally used Penal Code section 3041(b) to find Petitioner unsuitable for parole. The decision was arbitrary and capricious in direct violation of Petitioner's state and federal due process rights.
2. The state courts have not addressed the issues raised and relief sought on appeal in violation of Petitioner's liberty interest and right to due process.

[Pet. at 5 ff.]

### DISCUSSION

A federal court may review a habeas petition by a person in custody under a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas relief is not available for state law errors. Swarthout v. Cook, ___ U.S. ___, 131 S. Ct. 859, 861, ___ L. Ed. 2d ___ (2011)(per curiam)(citing Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)).

Here, Petitioner's "Ground Two" appears to be simply an assertion that the state courts erred in denying his state habeas petitions, and not a second claim for federal habeas relief independent of the claim in Ground One. Ground One is a claim that the Board erred, under state law, in the substance of its decision finding Petitioner not suitable for parole, and a further claim that this decision denied Petitioner due process of law. Insofar as Ground One is simply a claim of state court error under state law, federal habeas relief is barred because, as stated above, federal habeas relief is not available for state law errors. Swarthout, 131 S. Ct. at 861; Estelle, 502 U.S. at 67.

1    Petitioner's claim in Ground One is, essentially, the claim that
2 the Board's decision failed to meet the requirements of California's
3 "some evidence" standard.  As a federal due process claim, this is
4 also precluded under the decision in Swarthout, 131 S. Ct. at 860 et
5 seq.  The Swarthout Court found no right to parole directly under the
6 Federal Constitution.  Id. at 862.  On the other hand, without
7 deciding the issue, the Court found "reasonable" the Ninth Circuit's
8 conclusion that California law created a due process liberty interest
9 in parole.  Id. at 861-62.  When state law creates a liberty interest,
10 the Due Process Clause of the Fourteenth Amendment requires fair
11 procedures, "and federal courts will review the application of those
12 constitutionally required procedures."  Swarthout, 131 S. Ct. at 862.
13 However, in the parole context, "the procedures required are minimal."
14 The Constitution does not require more than an opportunity to be heard
15 and being provided a statement of the reasons why parole was denied.
16 Id. (citing Greenholtz v. Inmates of Neb. Penal and Correctional
17 Complex, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).  The
18 Swarthout Court specifically rejected the idea that the "some
19 evidence" standard – applied to parole decisions under California law
20 – is a component of the federal due process standard.  Id. at 862-63.
21    In Petitioner's case, the record of his parole proceeding makes
22 clear that he received the procedural protections required under
23 Swarthout and Greenholtz.  He was represented by counsel, he had a
24 full opportunity to present evidence at his hearing, and he received a
25 written decision clearly explaining the Board's conclusions.  As for
26 whether the Board correctly applied the substance of California parole
27 law and the "some evidence" standard, is no concern of the federal
28 courts.  Swarthout, 131 S. Ct. at 863.

Accordingly, Petitioner's claims cannot support a federal due process claim, and the petition is subject to dismissal with prejudice.[3]

**ORDERS**

It is therefore **ORDERED** as follows:

1. The petition is dismissed with prejudice.
2. The clerk shall serve this Order and the Judgment herein on the parties.

DATED: August 3, 2011

_____
DEAN D. PREGERSON
United States District Judge

Presented by:

Dated: March 7, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge

---

[3] The petition also appears to be moot. An actual case or live controversy must exist at all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). If at any time during litigation a plaintiff ceases to suffer "an actual injury" that is "likely to be redressed by a favorable judicial decision," the matter is moot. Spencer, 523 U.S. at 7. When a habeas petition only challenges a parole denial and the petitioner is later paroled, the petition becomes moot. See Brady v. U.S. Parole Comm'n, 600 F. 2d 234, 236 (9th Cir. 1979)(federal inmate paroled); Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir.2005)(habeas petition moot when injury cannot be redressed by favorable decision); Saunders, 2011 WL 571488, *1 (both California and federal courts regularly deny pending habeas petition as moot if Petitioner is paroled for life under Cal. Penal Code § 3000.1). Here, Petitioner has challenged only a denial of parole. He has since been released, probably on life-time parole. Therefore, the present petition also appears to be moot.